```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

BRIAN WILSON-GREEN            ]
    Plaintiff,               ]
                              ]
v.                            ]        No. 3:10-1210
                              ]        Judge Trauger
LEGISLATIVE COMMITTEE BOARD   ]
MEMBERS, et al.               ]
    Defendants.              ]


## O R D E R

The Court has before it a *pro se* complaint (Docket Entry No.1). Because the plaintiff is proceeding as a pauper, Docket Entry No.3, the Court is now obliged to review the complaint to determine whether this action, or any portion thereof, is malicious, frivolous, or fails to state a claim. 28 U.S.C. § 1915(e)(2).

From the complaint, it appears that the plaintiff is a homeless resident of Nashville. He brings this action against the Legislative Committee Board Members; a Mental Health Co-Op; the Nashville Rescue Mission; Don World; the Director of the Nashville Metropolitan Police Department; and Assistant Chief of Police Huggins; claiming false arrest, discrimination, the falsification of documents and civil rights violations.

The complaint is very disjointed and difficult to understand. However, the plaintiff does state that he has been arrested at

least four times since June, 2003. On one or more of these occasions, he was falsely arrested and taken to jail. The plaintiff describes his efforts to obtain mental health care, the falsification of his documents by others, money that was improperly taken from him, and inadequate conditions of his confinement while in custody.

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff has not spelled out in his complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells, *supra*. The plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, the plaintiff has neglected to identify with any type of specificity the right or privilege that was violated and the role that each defendant played in the alleged violation. In short, the plaintiff has failed to adequately plead an actionable claim for relief. Moreover, many of the "claims" that might be gleaned from the complaint are clearly untimely. As a consequence, the plaintiff has failed to state a claim upon which relief can be

granted. This action, therefore, is hereby DISMISSED. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is NOT certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3). Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of four hundred fifty five dollars ($455.00) or submit a new application to proceed in forma pauperis.

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge